UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL WALKER,<br><br>      Plaintiff,<br> v.<br><br>MAGNA5 LLC,<br><br>      Defendant. | CASE NO. C18-1881JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant Magna5 LLC's ("Magna5") notice of removal. (NOR (Dkt. # 1).) For the reasons stated below, Magna5's notice of removal fails to establish this court's subject matter jurisdiction. The court, therefore, ORDERS Magna5 to SHOW CAUSE, within fourteen (14) days of the date of this order, why this matter should not be remanded to state court.

The court has "an ongoing obligation to be sure that jurisdiction exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, the court reviews each case before it for the existence of federal

jurisdiction. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."). The removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and there exists a "strong presumption against" removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, any doubt as to the right of removal is resolved in favor of remand. *Id.* In determining whether jurisdiction has been established, courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Magna5 alleges that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and that removal of the action is proper pursuant to 28 U.S.C. § 1441(a). (*See generally* NOR.) In order to invoke the court's subject matter jurisdiction on removal, Magna5 bears the burden of establishing that there is complete diversity of citizenship between itself and Plaintiff Darrell Walker, and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1); *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) ("Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." (internal citations and quotation marks omitted)); *Geographic Expeditions,*

*Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[I]n a case that has been removed . . . under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, . . . the defendant . . . has the burden to prove, by a preponderance of the evidence, that removal is proper."). The issue before the court is whether Magna5 has met its burden with respect to the amount in controversy.

Magna5 alleges that the amount in controversy exceeds $75,000.00 because "[i]n addition to back pay, Plaintiff also seeks non-economic damages and recovery of costs and attorneys' fees under RCW 49.60." (NOR ¶ 8.) Although Magna5 admits that "those amounts cannot be predicted with certainty," Magna5 nevertheless asserts that "it is reasonable to estimate that those [amounts], combined with alleged economic damages, will satisfy the amount-in-controversy requirement." (*Id.*) In the complaint, Mr. Walker alleges claims for (1) retaliation under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.210 (Compl. (Dkt. # 1-1) ¶¶ 3.0-3.4), and (2) failure to pay wages (*id.* ¶¶ 4.0-4.2). Mr. Walker alleges economic and general damages "in an amount to be proven at trial" as a result of Magna5's alleged retaliation. (*Id.* ¶¶ 3.4, 5.2.) Mr. Walker specifically alleges that Magna5 failed to pay him only $1,509.62 for his final week of work. (*Id.* ¶ 2.9.) He also claims double recovery for his unpaid wages and reasonable attorneys' fees. (*Id.* ¶¶ 4.2, 5.3, 5.5.) Nowhere in his complaint does Mr. Walker state a total amount of alleged damages. (*See generally id.*)

In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014).

However, Magna5's averment does not constitute a "plausible allegation" that the amount in controversy is met. *See, e.g.*, *Collier v. ULTA Salon, Cosmetics & Fragrance, Inc.*, No. CV 18-8700-R, 2018 WL 6567695, at *3 (C.D. Cal. Dec. 12, 2018) (holding that the defendant's estimate of future attorneys' fees was too speculative without "summary judgment-type evidence" to approximate those fees and "given the relatively low damages sought for lost wages"); *Atias v. Platium HR Mgmt., LLC*, No. CV 14–01877 MMM (FFMx), 2014 WL 3536557 (C.D. Cal. July 16, 2014) (holding that defendant's assertion that the amount in controversy was satisfied merely because the plaintiff sought to recover general, special, and punitive damages with a discrimination claim was far too speculative). Indeed, Magna5 provides no factual basis for its conclusion that "it is reasonable to estimate" that the amount in controversy is met.

At most, Magna5 points the court to *Clemens v. Centurylink, Inc.*, 874 F.3d 1113, 1115 (9th Cir. 2017), but Magna5's reliance on that case is misplaced. (*See* NOR ¶ 8 (citing the related opinion in *Clemens v. Centurylink, Inc.*, 715 F. App'x 614 (9th Cir. Nov. 3, 2017)).) In *Clemens*, the jury awarded the plaintiff $157,000.00 in lost wages and benefits, which is more than 100 times the amount of unpaid wages that Mr. Walker asserts here. *Compare Clemens*, 874 F.3d at 1115 (noting that jury awarded the plaintiff $157,000.00 in lost wages and benefits), *with* (Compl. ¶ 2.9 (alleging $1,509.62 in unpaid wages)). "Simply put, merely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is entirely insufficient to meet [the defendant's] burden to establish the amount in controversy by a preponderance of the

evidence." *Rybalnik v. Williams Lea Inc.*, No. CV 12-04070, 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012).

Indeed, the court finds *Aguilar v. Wells Fargo Bank, NA*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199 (C.D. Cal. Nov. 4, 2015), another employment discrimination case, to be more analogous to the present case. In *Aguilar*, the plaintiff's lost wages at the time of removal totaled approximately $7,800.00. *Id.* at *4. This amount is far closer to the $1,509.62 in unpaid wages asserted by Mr. Walker (Compl. ¶ 2.9), than the $157,000.00 in lost wages awarded to the plaintiff in *Clemens*, 874 F.3d at 1115. Ultimately, the *Aguilar* court concluded that the defendant failed to demonstrate by a preponderance of the evidence that the amount in controversy was met and remanded the action to state court. *Id.* at *8. The result in *Aguilar* causes the court to question Magna5's allegation that the amount in controversy is met in the present case.

If the court questions the removing defendant's allegation regarding the amount in controversy, the removing defendant bears the burden to demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See Dart*, 135 S. Ct. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus*, 980 F.2d at 566-67). As noted above, the court questions Magna5's amount in controversy allegations. Accordingly, Magna5 must establish by a preponderance of the evidence that more than $75,000.00 is in controversy in this matter. *See Dart*, 135 S. Ct. at 553-54.

If subject matter jurisdiction is lacking, the court must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded.") Accordingly, the court ORDERS Magna5 to SHOW CAUSE why this matter should not be remanded to state court. To do so, Magna5 must establish by a preponderance of the evidence that Mr. Walker has placed more than $75,000.00 in controversy based on the claims alleged in its complaint. Magna5 must submit this information within fourteen (14) days of the date of this order. If Magna5 does not timely and adequately comply with this order, the court will remand this action to state court for lack of subject matter jurisdiction. Mr. Walker may, but is not required, to respond to the court's order within the same timeframe. The parties shall limit their responsive memoranda to no more than five (5) pages.

Dated this 30th day of January, 2019.

JAMES L. ROBART
United States District Judge